IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUWAN MITCHELL, : | |
|     Plaintiff : | |
|     v. : | Case No. 1:25-cv-312-KAP |
| SCI FOREST, *et al.*, : | |
|     Defendants : | |
| : | |
| JUWAN MITCHELL, : | |
|     Plaintiff : | Case No. 1:25-cv-316-KAP |
|     v. : | |
| SCI FOREST, *et al.*, : | |
|     Defendants : | |

Memorandum Order

    Plaintiff Mitchell, currently an inmate at S.C.I. Forest, files many civil complaints subject to the Prison Litigation Reform Act, and that includes pairs of duplicate complaints and virtually identical complaints filed in other districts and transferred here. *See e.g.* Mitchell v. Foster, Case No. 3:25-cv-116-KAP (W.D.Pa.) (filed in the Middle District of Pennsylvania) and Mitchell v. Shope, Case No. 3:25-cv-117-KAP (W.D.Pa.) (filed in the Middle District of Pennsylvania). The two cases above are virtually the same complaints that were filed in the Middle District of Pennsylvania and the Eastern District of Pennsylvania against the same subset of defendants at S.C.I. Forest and transferred here for improper venue.

    Normally inmate complaints present the problem of plaintiff's attempting to bring unrelated claims in the same complaint to save on filing fees, but this presents the opposite problem. Plaintiff describes virtually identical assaults on him on July 20, 2025 and August 19, 2025, perpetrated by the same four defendants. It appears that because plaintiff's handwriting is not precise the clerks in the transferor courts spelled some defendants two different ways. It is not metaphysically impossible that corrections officers with very similar names attacked plaintiff and chipped two different teeth on two different dates a month apart. It is also possible plaintiff is filing in multiple districts in an attempt to forum shop. Either way, the multiple complaints present unnecessary expense and delay to plaintiff, defendants, and Court alike and should be consolidated.

    Rule 42(a)(3) allows the court to issue orders in related cases in order to avoid unnecessary cost or delay. That is appropriate in this matter. Accordingly:

    The motion to proceed *in forma pauperis* at ECF no. 3 is denied and the Clerk shall

administratively close Mitchell v. SCI Forest, Case No. 1:25-cv-316-KAP (W.D.Pa.).

The motion to proceed *in forma pauperis* at ECF no. 3 is granted in Mitchell v. SCI Forest, Case No. 1:25-cv-312-KAP (W.D.Pa.).

Plaintiff shall file an amended complaint in Mitchell v. SCI Forest, Case No. 1:25-cv-312-KAP (W.D.Pa.), clearly spelling the names of the four defendants and describing the separate assaults separately. It appears the Clerks Offices in the transferor courts incorrectly added "SCI Forest" as a defendant, but if plaintiff wants to sue "SCI Forest" the amended complaint should make that clear too. I will then screen the complaint at Mitchell v. SCI Forest, Case No. 1:25-cv-312-KAP (W.D.Pa.) and order service as appropriate.

The parties have the right to appeal this nondispositive Order under Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A) within 14 days.

DATE:   October 30, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Juwan Mitchell QJ-0036
SCI-FOREST
P.O. BOX 945
286 WOODLAND DRIVE
MARIENVILLE, PA 16239