IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

JUWAN EVRICK MITCHELL, )
)
Plaintiff )   1:25-CV-00312-RAL
)
vs. )   SUSAN PARADISE BAXTER
)   United States District Judge
CO MUSHGARD, SCI-FOREST; SGT. )
BLAIR, SCI-FOREST; AND CO CULL, )   RICHARD A. LANZILLO
SCI-FOREST, )   Chief United States Magistrate Judge
)
)   REPORT AND RECOMMENDATION
Defendants )

I.    RECOMMENDATION

It is hereby recommended that this action be dismissed pursuant to 28 U.S.C.

§ 1915(e) based on the Amended Complaint's failure to state a claim.  It is further

recommended that Plaintiff be given a final opportunity to amend his pleading to cure

the deficiencies identified herein.

II.    REPORT

A. Background

Plaintiff Juwan Evrick Mitchell, an inmate incarcerated at SCI-Forest,

initiated this *pro se* civil rights action by lodging a Complaint without a motion for

leave to proceed *in forma pauperis* ("IFP").  ECF No. 1.  Mitchell later moved to

proceed IFP (ECF No. 4), and the Court granted his motion on October 30, 2025, and

instructed the Clerk to docket his Complaint (ECF No. 10).

In his Complaint, Mitchell alleged that "the guards came in and started to beat me up and then they proceed[ed] to punch me several times and this went on for a matter of 10 min[utes]..." ECF No. 10 at 4. As Defendants, the Complaint named SCI-Forest, Sgt. Blair, CO Call, CO Grouse, and CO Mushgard. *Id.* at 2-3.

On January 12, 2026, Magistrate Judge Keith A. Pesto issued an Order advising Mitchell that, to prevail on a claim pursuant to 42 U.S.C. § 1983, he must establish that the defendants, acting under color of state law, were personally involved in depriving him of a right secured by the Constitution or laws of the United States. ECF No. 12. Judge Pesto explained that Mitchell "must clearly spell the names of all defendants and describe their separate violations separately." *Id.* Rather than recommend dismissal at that time, Judge Pesto offered Mitchell an opportunity to file an amended complaint by February 2, 2026. *Id.*

On January 27, 2026, Mitchell filed his Amended Complaint identifying CO Mushgard, Blair, and Call as Defendants. ECF No. 16. Despite the Court's instruction to specify the misconduct of each Defendant he claimed was responsible for violating his rights, Mitchell's amended pleading alleged only that, on August 24, 2025, "the officers came in my cell and [beat] me up and chip[ped] my tooth and hit me in the head several times..." *Id.* at 5. Other than naming the Defendants in the caption and generally alleging that "the officers" assaulted him, the Amended Complaint does not allege the actions or omissions of any named Defendant or state any circumstances surrounding the incident.

2

B. Standard of review

Because Mitchell is seeking leave to proceed *in forma pauperis*, he is subject to the screening provisions in 28 U.S.C. § 1915(e).[1] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

C. Analysis

As Mitchell has been previously advised, a successful § 1983 plaintiff must ultimately prove that a defendant, acting under color of state law, deprived him of a

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

right secured by the Constitution or laws of the United States. *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995). When his claims implicate multiple defendants, the plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan,* 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer,* 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Ashcroft v. Iqbal,* 556 U.S. 667 (2009) ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

A single incident of excessive force against an inmate can give rise to an Eighth Amendment claim, but the plaintiff must still show that his treatment amounted to an "unnecessary and wanton infliction of pain." *Whitley v. Albers,* 475 U.S. 312, 320–21 (1986). Whether the use of force rises to such a level is determined by "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian,* 503 U.S. 1, 6 (1992) (quoting *Whitley,* 475 U.S. at 320–21 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973))). In resolving this question, a court must evaluate "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Giles,* 571 F.3d at

328. "Force that exceeds that which is reasonable and necessary under the circumstances is actionable." *Id.*

Like those of his original Complaint, the allegations of Mitchell's Amended Complaint are insufficient to support an excessive force claim. His Amended Complaint fails to identify who participated in the incident or describe the conduct of any Defendant. Broad allegations that the "officers" or "Defendants" collectively used excessive force is not enough. *See Maitland v. Bush*, 2026 WL 688302, at *2 (E.D. Pa. Mar. 11, 2026) ("a plaintiff cannot allege personal involvement by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability"). Mitchell must allege facts showing that each defendant was personally involved in the alleged assault. *See Hudson v. City of McKeesport,* 244 Fed. Appx. 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case). His Amended Complaint fails to do so for any Defendant. At minimum, Mitchell must identify by name who physically assaulted him and describe the actions of each Defendant to the extent he is able to do so. He should also describe the circumstances, if any, that precipitated the assault. This should not be difficult. <u>Mitchell should identify by name which of the officers entered his cell, which of the officers punched, kicked, struck, or otherwise used force against him, and whether the officers were responding to a particular situation or incident or entered his cell and assaulted him for no apparent reason.</u> <u>If applicable, he should identify any Defendant who was present and did not participate directly in the assault but failed to intervene.</u>

D. Conclusion

For the foregoing reasons, it is respectfully recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. It is further recommended, however, that Mitchell be given a final opportunity to amend to cure the deficiencies of his pleading based on the instructions provided herein.

III.    NOTICE

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 15th day of April 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

6